IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST William F. HEGNER, attorney at law.

Supreme Court

*No. 81–1634–D. Filed April 1, 1982.*
(Also reported in 317 N.W.2d 503.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked by consent.*

On August 26, 1981, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging that William F. Hegner, an attorney admitted to practice in this state and who practices in Appleton, engaged in unprofessional conduct by misappropriating for his personal use the funds of a client entrusted to him, by failing to account for those funds and failing to promptly deliver them to his client upon demand, by failing to cooperate with the Board in allowing the audit of his trust account and failing to respond to reasonable requests by the Board for information concerning the matter, by neglecting to timely complete the probate of an estate and failing to account for the estate's funds, by neglecting a legal matter entrusted to him and failing to carry out his contract of employment in a personal injury matter, which resulted in the expiration of the statute of limitations without a suit having been commenced.

The court referred the matter to the Hon. James A. Martineau as referee pursuant to SCR 21.09 (1980), and the Hon. John Fiorenza was subsequently substituted as referee. On September 10, 1981, the respondent filed an answer to the complaint in which he denied the specific allegations of misconduct.

On October 19, 1981, the Board filed an amended complaint alleging a fifth count of unprofessional conduct, consisting of the respondent's alleged conversion of the funds of an incompetent of whom he had been appointed guardian and his failure to make the requisite accountings in the guardianship. The respondent filed an answer to the amended complaint in which he denied those allegations.

On January 20, 1982, the respondent, with the concurrence of counsel for the Board, filed a petition for the voluntary revocation of his license to practice law in Wisconsin. In that petition, made pursuant to SCR 21.10,

the respondent admitted that he converted $33,500 of a client's funds held by him in trust and failed to return them to the client when demand was made, that as guardian of an incompetent he converted to his own use the funds of his ward and failed to make requisite accounting of the guardianship to the circuit court, that he failed to timely complete the probate of an estate and failed to promptly deliver the funds of the personal representative in his possession, that he neglected a personal injury matter and failed to carry out a contract of employment and that he failed to completely cooperate with the investigation of these matters by delay and by misrepresentation about his handling monies belonging to the estate and the guardianship. The respondent stated that he could not successfully defend against the allegations of the complaint and amended complaint, waived his right to do so and agreed to pay the costs of this proceeding.

On March 15, 1982, the referee filed with the court his report and recommendation in which he made findings of fact consistent with the allegations of the complaint and the amended complaint and recommended that the respondent's license to practice law in Wisconsin be revoked and that he be assessed the costs of these proceedings, which amount to $859.68. We hereby adopt the findings, conclusions and recommendations of the referee.

It is ordered that the license of William F. Hegner to practice law in Wisconsin is revoked effective the date of this order.

It is further ordered that William F. Hegner pay the costs of this proceeding in the amount of $859.68 to the Board of Attorneys Professional Responsibility on or before May 31, 1982.